UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SBS ENVIRONMENTAL SERVICES, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-9931** |
| **COTTON COMMERCIAL USA, LP** | **SECTION "S" (1)** |

## ORDER AND REASONS

**IT IS ORDERED** that the plaintiff's motion to remand (Rec. Doc. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (Rec. Doc. 12) is **GRANTED**.

## BACKGROUND

Plaintiff, SBS Environmental Services, L.L.C., alleges that it was retained by defendant, Cotton Commercial USA, LP, to provide laborers to Cotton to perform demolition work and asbestos removal after Hurricane Katrina. On October 5, 2005, SBS and Cotton entered into a subcontractor agreement to enable Cotton to secure to necessary labor personnel through SBS.

In November 2005, several SBS employees filed a lawsuit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson against SBS and/or Cotton alleging that they were not paid wages in violation of Louisiana Revised Statute § 23:631. Thereafter, SBS and Cotton negotiated a release and settlement agreement to resolve any claims by SBS against Cotton regarding the wage dispute.

In October 2006, SBS filed suit in state court against Cotton, alleging that Cotton failed to

pay SBS and its employees the full amount of wages owed.  SBS alleges that it hired twenty-eight employees for Cotton and that Cotton agreed to pay SBS for each employee's wages.  SBS further claims that although the employees worked for Cotton for five weeks, Cotton failed to pay SBS the full amount of wages owed.  SBS alleges that Cotton breached it statutory duty to pay earned wages under Louisiana Revised Statute § 23:361 and breached the October 5, 2005 subcontractor agreement between the parties.

Cotton removed the case to this Court alleging diversity jurisdiction under 28 U.S.C. § 1332.  Thereafter, SBS filed a motion to remand arguing that the amount in controversy required under §1332 has not been established.  Further, Cotton filed a motion for summary judgment arguing that the claims contained in SBS's petition are barred because SBS has released and settled all those claims in the November 2005 release and settlement agreement.

## DISCUSSION

**A.    Motion to Remand**

*i)    Standard of Review*

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in pertinent part: "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded ." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.1993).

*ii)    Analysis*

SBS asserts that remand is required because Cotton cannot prove that the amount in controversy exceeds $75,000 as required under 28 U.S.C. § 1332.  SBS filed its petition in state

court.  Because Louisiana law does not allow a plaintiff to plead a specific amount of monetary damages, this Court is unable to determine the amount in controversy from the petition.  Under these circumstances, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir.1999).   The defendant must either show that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth facts in dispute supporting a finding that the jurisdictional amount is satisfied.  *Id*.  "In situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *Allen v. R&H Oil & Gas, Co.*, 63 F.3d 1326,1336 (5th Cir. 1995).

In this case, Cotton has provided this Court with a March 29, 2006, letter from SBS's counsel to Cotton in which SBS contends that Cotton owes it approximately $240,000.  The letter establishes that the amount in controversy exceeds $75,000.   Accordingly, SBS's motion to remand is denied.

**B.**     **Summary Judgment**

   *i)*      *Standard of Review*

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law."  *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir.1991); Fed.R.Civ.P. 56(c).  A fact is "material" if its resolution in favor of one party might affect the outcome of the lawsuit, and an issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

If the moving party meets its initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The nonmovant cannot satisfy his summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (*en banc*). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. *Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir.1991). Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. *Anderson*, 106 S.Ct. 2505, 2511 (1986).

*ii)*     *Analysis*

Cotton contends that summary judgment is appropriate because all the claims set forth by SBS in its petition have been resolved by the November 2005 release and settlement agreement entered into by SBS and Cotton. The claims of SBS are essentially that in 2005, Cotton failed to pay wages owed to SBS and its employees, making Cotton liable under Louisiana Revised Statute § 23:631, and that Cotton breached its contractual duties under the October 5, 2005 subcontractor agreement, both of which claims have been resolved by the release and settlement agreement.

The settlement agreement provides that it is to be governed under Texas law. Under Texas law, "[a] release, valid on its face, is, until set aside, a complete bar to any action based on matters covered in the release." *McMahan v. Greenwood*, 108 S.W. 3d 467, 478 (Tex. App.-Houston [14 Dist.] 2003)(citing *Deer Creek Ltd. v. N. Am. Mortgage Co.*, 792 S.W.2d 198, 201 (Tex.App.-Dallas

1990, no writ)).

SBS argues that the settlement agreement does not bar SBS's ability to bring a claim against Cotton for breach of the release and settlement agreement itself. A review of the petition reveals that SBS asserts a breach of contract claim regarding the October 5, 2005 agreement between the parties, but it does not allege any other breach of contract claim, nor does it refer to breach of the settlement agreement itself. The settlement agreement unambiguously sets forth that it resolves claims arising out of employees of SBS claiming that they had not been paid and were owed certain wages. The agreement further states that SBS releases "Cotton from all claims available to it arising in any way from the contract entered into by the parties, any act or omission of Cotton, or which arise in any way out of the work performed by SBS employees and Cotton projects." This Court finds that SBS's claims as stated in its petition are barred by the November 2005 release and settlement agreement and summary judgment in favor of Cotton is granted.

## CONCLUSION

Plaintiff's motion to remand is denied. Defendant's motion for summary judgment is granted.

New Orleans, Louisiana, this __11th__ day of September, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**